# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-40879
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 7, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SALVADOR COLIMA-SUAREZ,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:16-CR-102-2

Before STEWART, Chief Judge, and OWEN and COSTA, Circuit Judges.

PER CURIAM:[*]

Salvador Colima-Suarez was convicted by a jury of conspiracy to possess with the intent to distribute methamphetamine, in violation of 21 U.S.C. §846, and was sentenced to 235 months of imprisonment. On appeal, he argues the district court erred by refusing to instruct the jury that it is legally impossible to conspire with a Government informant, pursuant to *Sears v. United States*, 343 F.2d 139, 142 (5th Cir. 1965). We review the district court's refusal to give

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the requested jury instruction for an abuse of discretion. *United States v. Alaniz*, 726 F.3d 586, 611 (5th Cir. 2013).

In the instant case, unlike *Spears,* the Government presented ample evidence establishing that Colima-Suarez agreed to distribute methamphetamine with non-Government coconspirators. This evidence includes the testimony of cooperating coconspirator Alberto Chavez-Chavez, who was named in the indictment, along with recorded phone calls, cellphone records, text messages, and the testimony of officers conducting surveillance. Because there was ample evidence connecting Colima-Suarez to true coconspirators apart from the paid government informant—Chavez-Chavez, an unnamed Mexican source of supply, and the source's U.S. contact, identified as "Piolin"—the requested *Sears* instruction was not warranted. *See United States v. Delgado*, 672 F.3d 320, 342 (5th Cir. 2012); *see also United States v. Slaughter*, 238 F.3d 580, 585 (5th Cir. 2000). Furthermore, neither the Government nor Colima-Suarez argued to the jury that Colima-Suarez had only conspired with the paid Government informant. Thus, the absence of the requested instruction did not impair Colima-Suarez's ability to effectively present a defense. *See Delgado*, 672 F.3d at 343; *see also United States v. Hale*, 685 F.3d 522, 541 (5th Cir. 2012).

Colima-Suarez thus fails to show an abuse of discretion on the district court's part. *See Alaniz*, 726 F.3d at 611; *Hale*, 685 F.3d at 541; *see also Delgado*, 672 F.3d at 342-43; *Slaughter*, 238 F.3d at 585. Accordingly, the district court's judgment is AFFIRMED.